900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THE CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA; the
Protective National Insurance Company of Omaha,
Plaintiffs-Appellants,
v.
DANA CORPORATION; Diamond Financial Holdings, Inc.,
Defendants-Appellees.
 No. 89-5613.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Central National Insurance Company and Protective National Insurance Company appeal the district court's order granting summary judgment for Dana Corporation and its wholly-owned subsidiary, Diamond Financial Holdings, in this Tennessee diversity case. Central and Protective sought to hold Dana and Diamond liable in tort and contract for certain reinsurance liabilities allegedly incurred by Diamond's wholly-owned subsidiary, Cherokee Insurance Company. We find that summary judgment in favor of Dana and Diamond was proper.
 
 
 2
 Cherokee, a Tennessee insurance company, became a wholly-owned subsidiary of Diamond in the fall of 1980. In 1981, 1982 and 1983, Central and Protective entered into nine reinsurance agreements with Cherokee. In a reinsurance transaction, one party transfers risks to another party who assumes those risks in return for payment of premiums associated with the risks transferred. Pursuant to the reinsurance agreements, Central and Protective paid premiums to Cherokee in consideration for certain undertakings of Cherokee to provide them reinsurance. Cherokee agreed to provide Central and Protective with letters of credit to secure its obligations and to pay losses incurred as a result of the underlying insurance policies.
 
 
 3
 At the beginning of 1983, Cherokee provided to Central and Protective four letters of credit totaling $912,507. These letters of credit expired on December 31, 1983, and Central and Protective requested that they be replaced with new letters of credit. Cherokee was unable to obtain issuance of such letters, however, and therefore did not provide them to Central and Protective.
 
 
 4
 On July 17, 1984, Cherokee filed a petition for voluntary rehabilitation with the Tennessee Department of Commerce and Insurance. In September 1984, Central and Protective filed a claim with Cherokee's rehabilitator for losses allegedly incurred as a result of Cherokee's alleged failure to perform its obligations under the reinsurance agreements. On December 21, 1984, Central and Protective filed suit against Dana and Diamond for the reinsurance losses allegedly owed them by Cherokee. The complaint asserted causes of action for misrepresentation (counts I and II), judicial estoppel (count III), tortious interference with contract (count IV), civil conspiracy (count V), and piercing the corporate veil (count VI).
 
 
 5
 After the completion of discovery, Dana and Diamond moved for summary judgment on all counts of the complaint. The district court referred their summary judgment motions to the magistrate, pursuant to 28 U.S.C. Sec. 636(b)(1)(B). On March 27, 1987, the magistrate recommended that summary judgment be granted in favor of Dana and Diamond on all counts except the piercing the corporate veil count, finding that there were genuine issues of material fact to be resolved by a jury on that count.
 
 
 6
 On April 19, 1989, the district court granted summary judgment to Dana and Diamond on all counts of the complaint. The district court found that the magistrate's analysis of counts I through V was correct and, therefore, adopted those portions of the magistrate's report as the opinion of the district court. The district court, however, disagreed with the magistrate's analysis of the piercing the corporate veil count. In concluding that summary judgment on that count was not appropriate, the magistrate had relied on Tennessee case law holding that claims for piercing the corporate veil are inherently unsuited for resolution by summary judgment. See, e.g., Electric Power Board v. St. Joseph Valley Structural Steel Corp., 691 S.W.2d 522, 526 (Tenn.1985). The district court, conversely, held that in diversity cases in the Sixth Circuit the standard to be applied to motions for summary judgment is taken from federal law, and overrides any state-law leaning against such motions. Reid v. Sears, Roebuck & Co., 790 F.2d 453, 459 (6th Cir.1986). The district court found that the Supreme Court, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), essentially held that summary judgment procedure is not a disfavored procedural shortcut, but rather an integral part of the federal rules. The district court, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), stated that summary judgment is proper when there is no genuine issue as to any material fact and, moreover, that to avoid summary judgment, the factual issues in dispute must be of some consequence. The district court concluded that summary judgment was appropriate on the piercing the corporate veil count.
 
 
 7
 In reaching its conclusion, the district court agreed with the magistrate that Tennessee's leading test for piercing the corporate veil was set out in Continental Bankers Life Ins. Co. v. Bank of Alamo, 578 S.W.2d 625 (Tenn.1979). The test requires that:
 
 
 8
 (1) The parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence of its own.
 
 
 9
 (2) Such control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of third parties' rights.
 
 
 10
 (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.
 
 
 11
 578 S.W.2d at 632.
 
 
 12
 Focusing on the third prong of the test, the district court determined that the granting of summary judgment on counts I through V was inconsistent with the possibility that the alleged wrongful domination of Cherokee proximately caused any harm to Central and Protective. In other words, the district court reasoned that if summary judgment on counts I through V was proper, then summary judgment on count VI was also appropriate because all counts were based upon the same conduct and the same injury. The district court, therefore, granted summary judgment to Dana and Diamond on all counts of the complaint.
 
 
 13
 Central and Protective appeal only on counts II and VI of their complaint. In count II, Central and Protective seek to hold Dana and Diamond liable for certain alleged misrepresentations that purportedly induced them to continue in their reinsurance agreements with Cherokee. Central and Protective contend that the magistrate and district court applied an incorrect standard for summary judgment and that genuine issues of material fact existed. We find this argument to be without merit.
 
 
 14
 In recommending that summary judgment be granted on count II, the magistrate found that "no rational trier of fact could conclude that the ... language was a representation that defendants would guarantee all of Cherokee's obligations." Central and Protective argue that this finding indicates that the magistrate, and therefore the district court, applied an incorrect standard in determining that summary judgment was appropriate and thus usurped the function of the jury. As the district court correctly found, however, summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper unless there exists a "genuine" issue of "material" fact for a jury to decide. A "genuine" issue for trial does not exist unless there is sufficient record evidence favoring the non-moving party for a rational jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The magistrate, therefore, correctly stated the proper Rule 56 summary judgment standard, and that standard was correctly applied by the magistrate and the district court. Based upon the undisputed facts in the record, the magistrate and the district court properly determined that there were no genuine issues of material fact with respect to count II. Accordingly, we find that summary judgment in favor of Dana and Diamond on count II was appropriate.
 
 
 15
 With respect to count VI, Central and Protective contend that the district court erred in rejecting the magistrate's recommendation that summary judgment should be denied. They initially argue that the district court misinterpreted the magistrate's report in finding that the magistrate applied the wrong standard of law for summary judgment. Central and Protective claim that the magistrate correctly applied the federal procedural law of summary judgment, and in turning to Tennessee substantive law, the magistrate was simply and properly analyzing the facts to determine whether they were material under Rule 56. Central and Protective also argue that the district court's analysis of the Continental Bankers test was flawed. They claim that the district court, by asserting that the granting of summary judgment with respect to counts I through V was inconsistent with the possibility that the wrongful domination of Cherokee caused any harm to them, effectively added another prong to the Continental Bankers test. We disagree.
 
 
 16
 We find that the district court properly determined that Central and Protective failed to adduce any facts showing that Dana or Diamond proximately caused any injury Central and Protective allegedly suffered, and thus did not satisfy the third prong of the Continental Bankers test. Nothing in the record indicates that Central and Protective's loss resulted from any act of Dana or Diamond. Because Central and Protective failed to establish any genuine dispute of material fact concerning causation, all other disputes are immaterial. Accordingly, we find that summary judgment in favor Dana and Diamond on count VI was also appropriate.
 
 
 17
 We therefore affirm the district court's order granting summary judgment in favor of Dana and Diamond.